IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

CIVIL ACTION NO.: 22-CV-4820

IN RE: GABRIEL BRAVO

Debtor and Appellant

APPELLEE BRIEF OF CREDITOR, E-Z CASHING, LLC

JUSTIN L. KRIK, ESQUIRE
ATTORNEY ID #203006
KRIK LAW
1500 JFK Blvd., Suite 630
Philadelphia, PA 19102
(267) 831-3180
Attorney for Appellee

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS        …………………………………………………………………1

TABLE OF CITATIONS        ………………………………………………………………2

CORPORATE DISCLOSURE STATEMENT        …………………………………………..3

STATEMENT OF BASIS FOR APPELLATE JURISDICTION        ……………………….4

COUNTERSTATEMENT OF ISSEDS ON APPEAL AND STANDARD OF REVIEW   ……..5

COUNTERSTATEMENT OF THE CASE   ……………………………………………….6

SUMMARY OF ARGUMENT        ……………………………………………….. 10

ARGUMENT ………………………………………………………………………12

   1.  THE BANKRUPTCY COURT WAS CORRECT IN ITS ORDER DATED OCTOBER

      18, 2022, OVERRULING THE DEBTOR'S CLAIM OBJECTION TO CREDITORS

      PROOF OF CLAIM BY DETERMINING THAT THE ELEMENTS OF *RES*

      *JUDICATA* WERE MET        …………………………………………………12

   2.  THE BANKRUPTCY COURT WAS CORRECT IN ITS ORDER DATED

      NOVEMBER 22, 2022, DENYING DEBTOR'S MOTION FOR RECONSIDERATION

      OF THE BANKRUPTCY COURT'S ORDER DATED OCTOBER 18, 2022, FINDING

      NO BASIS FOR DEBTOR'S ASSERTION OF FRAUD   ……………………………15

CONCLUSION        ……………………………………………………………....19

CERTIFICATION OF SERVICE   ……………………………………………...…..20

1

## <u>TABLE OF CITATIONS</u>

**Statutes**

Pa.R.C.P. 208.4(a)(1) …………………………………………………………………14

Pa.R.C.P. 1037        …………………………………………………………………16

Phila. Local. R. 1037.2(B)   …………………………………………………………16

**Cases**

Abdulhay v. Bethlehem Medical Arts, L.P., 425 F.Supp.2d 646, 656 (E.D. Pa. 2006)   ……14

Balent v. City of Wilkes-Barre, 669 A.2d 309, 313 (1995)   ……………………………14

In re Abbotts Dairies, 788 F.2d 143, 147 (3d Cir. 1986)      ……………………………12

In re Deitch, 513 B.R. 878, 879 (Bankr. E.D. Pa. 2014)      ……………………………15

In re Energy Future Holdings Corp., 904 F.3d 298 (3rd Cir. 2018)   …………………………16

In Re W.F. Hurley, Inc., 612 F.2d 392 (8th Cir.1980)       ……………………………15

Long v. Shorebank Dev. Corp., 182 F.3d 548 (7th Cir. 1999)       ……………………………16

Marta Group, Inc. v. County Appliance Co., Inc., 79 B.R. 201, 205 (E.D. Pa. 1987)   ……15

Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) ……16

Moncrief v. Chase Manhattan Mortg. Corp., 275 Fed. Appx. 149, 153 (3d Cir. 2008)   ……14

O'Leary v. Liberty Mut. Ins. Co., 923 F.2d 1062, 1065 (3d Cir. 1991)       ……………12, 13, 14

Venen v. Sweet, 758 F.2d 117, 122 (3d Cir.1985)   ……………………………………15

## CORPORATE DISCLOSURE STATEMENT

Creditor, E-Z Cashing, LLC, is a Pennsylvania limited liability company, and its membership interests are not publicly held.

## STATEMENT OF BASIS OF APPELLATE JURISDICTION

This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. Section 158(a)(1).

**COUNTERSTATEMENT OF ISSUES ON APPEAL AND STANDARD OF REVIEW**

1. Whether the bankruptcy court was correct in its Order dated October 18, 2022, overruling the Debtor's claim objection to Creditor's proof of claim by determining that the elements of *res judicata* were met?

   **Standard of Review**: *de novo*

2. Whether the bankruptcy court was correct in its Order dated November 22, 2022, denying Debtor's Motion for Reconsideration of the Bankruptcy Court's Order dated October 18, 2022, by finding no basis for Debtor's assertion that the state court judgment was procured by fraud?

   **Standard of Review**: Abuse of discretion.

## COUNTERSTATEMENT OF THE CASE

Gabriel Bravo, ("Debtor") and his wife, Guadalupe Bravo, operated a restaurant, Fiesta Acapulco Restaurant ("Business") located in two adjacent parcels of real estate, at 1122 and 1124 South 9th Street, Philadelphia, PA 19147, in an area of the City of Philadelphia known as the Italian Market.  On January 31, 2006, Debtor and his wife borrowed a sum of money in the amount of $71,250.00 from InterBay Funding, LLC, a Delaware Corporation, executing a Promissory Note ("Note") memorializing the terms of the loan. The loan was secured by a Mortgage and Security Agreement ("Mortgage") executed by Debtor and his wife, granting Interbay Funding, LLC a first mortgage against the parcel of real estate known as 1122 South 9th Street, Philadelphia, PA 19147 ("Premises").  It is uncontested that E-Z Cashing, LLC, a Pennsylvania limited liability company ("Creditor"), is the valid successor in interest to Interbay Funding, LLC. and its successor, Bayview Loan Servicing, LLC.  Upon default on the Note, Creditor's predecessor in interest filed a Civil Action in Mortgage Foreclosure in the Court of Common Pleas of Philadelphia County, Pennsylvania (the "CP Court"), docketed at June Term 2015; No.: 00453 (the "Foreclosure Case") against Debtor and his wife, Guadalupe Bravo, pursuant to the said Mortgage instrument.  Before a trial could take place, Debtor and Guadalupe Bravo entered into a Consent Order dated November 29th, 2016 (the "Consent Order") which granted an *in rem* judgment in mortgage foreclosure in favor of Respondent's predecessor-in–interest and against Debtor and Guadalupe Bravo, in the amount of $105,613.62, together with interest, fees and costs (the "Judgment").

The initial Sheriff's sale of the Premises by Bayview Loan Servicing, LLC was set aside by the third-party purchaser.  Creditor proceeded with execution proceedings.  The Debtor's first bankruptcy case, Bankr. No. 17-17384, (the "First Bankr.") was filed on October 31, 2017, in the

6

United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankr. Ct."),

postponing the Sheriff's Sale of the Premises scheduled for November 7, 2017; the First Bankr.

was dismissed on September 6, 2018.  Debtor's second bankruptcy case, Bankr. No. 18-15931,

(the "2d Bankr.") was filed on September 7, 2018, in the Bankr. Ct., postponing the Sheriff's

Sale of the Premises scheduled for September 11, 2018; the 2d Bankr. was dismissed on

November 5, 2020.

On February 23, 2021, Creditor filed a Motion to Reassess Damages in the Foreclosure

Case to reassess the Judgment seeking an additional $16,169.55 for items such as interest from

the date of the Judgment, the advancement of real estate taxes, forced place insurance, legal fees

and similar charges, including <u>notably</u> accounting for a credit to the Debtor for certain payments

made.  On March 11, 2021, Debtor filed an Answer and New Matter[1] (the "Answer and New

Matter") to the Motion to Reassess Damages, asserting:

> 17.  During his initial bankruptcy the Debtor made six payments of $720 to the
> Plaintiff, not only four.
>
> 18.  During his most recent bankruptcy, the Debtor remitted $1288/month to the
> Plaintiff each month from October, 2018, through March, 202, a total of $23,184,
> plus an additional $1000/month from April through November, 2020, and
> additional $8000, for a grand total of $31,184 for which the Plaintiff has not
> credited the Defendants.

<u>See</u> Response to Objection to Claim[2], at Ex. A ¶¶17 and 18.  On June 2, 2021, the Honorable

Paula A. Patrick entered an Order reassessing damages in the amount of $136,865.70 (the

"Damages Reassessment Order")[3]; the amount of Creditor's Judgment, plus interest agreed upon

in the consent Judgment.  No award for post-consent Judgment charges sought by Creditor was

---

[1] Debtor failed to comply with Pa. R.C.P. 1026(a) by not including a Notice to Plead to his New Matter.
[2] Bankr. Docket No. 29.
[3] Claim 1-1.

granted, nor was credit given for Debtor's claims.  Debtor did not file for reconsideration nor

appeal the Damages Reassessment Order.

Debtor filed the instant bankruptcy case, Bankr. No. 21-12926, (the "Present Bankr.") on

October 28, 2021, effectively postponing the Sheriff's Sale scheduled for November 2, 2021.

On November 1, 2021, Creditor filed a proof of claim (the "Claim")[4] against the Debtor,

asserting a claim of $139,800.54, based on Judgment, as reassessed.  On November 19, 2021, the

Debtor filed an objection to the Claim (the "Claim  Objection")[5], on the grounds that the Damages

Reassessment Order did not consider any post-judgment payments allegedly made to Creditor,

which were asserted to total $31,184.00 (the  "Post-Judgment Payments").  On December 13,

2021, Creditor filed a response to the Claim Objection (the "Response")[6] asserting that the

Damages Reassessment Order is a final order and denying that it failed to consider the asserted

Post-Judgment Payments within the Answer with New Matter.

On February 15, 2022, the Bankr. Court held an evidentiary hearing (the "Hearing") on the

Claim Objection and the Response, after which the Bankr. Court directed the parties to submit

post-hearing briefs (the "Briefs") addressing whether the asserted Post-Judgment Payments issue

was actually litigated before and decided by the CP Court and therefore barred by the doctrine of

*res judicata*.  On March 18, 2022, Debtor filed a Memorandum of Law in Support of the Claim

Objection[7] (the "Claim Objection Memo").  On March 18, 2022, Creditor filed its Brief in

Opposition to the Claim Objection[8] (the "Response Brief").  On October 18, 2022, the Bankr.

---

[4] Claim 1-1.
[5] Bankr. Docket 18.
[6] Bankr. Docket 29.
[7] Bankr. Docket 64.
[8] Bankr. Docket 65.

8

Court issued an Order overruling the Claim Objection (the "Claim Objection Order")[9], finding the elements of *res judicata* to have been met.

On October 30, 2022, Debtor filed a Motion for Reconsideration (the "Motion to Reconsider") of the Claim Objection Order[10]. On November 15, 2022, Creditor filed a Response to Motion to Reconsider[11]. On November 22, 2022, the Bankr. Court held an oral argument on the Motion for Reconsideration and Creditor's Response thereto (the "Reconsideration Hearing") and entered an Order denying the Motion to Reconsider (the "Reconsideration Order")[12], with the exception of crediting a $500 payment made by Debtor to Creditor after the entry of the Damages Reassessment Order in the CP Court.

On December 9, 2022, Debtor transferred title to the Premises pursuant to a sale approved by the Bankr. Court and tendered Creditor the amount of $147,47.35 from the sale proceeds to satisfy Creditor's lien against the Premises. The Claim has been paid.

---

[9] Bankr. Docket 100.
[10] Bankr. Docket 111.
[11] Bankr. Docket 114.
[12] Bankr. Docket 118.

## SUMMARY OF ARGUMENT

The Bankr. Court properly overruled Debtor's Claim Objection, applying the doctrine of *res judicata* to bar the re-litigation of Debtor's claims for uncredited payments to Creditor. Debtor first raised the claims for uncredited payments in his Answer and New Matter filed in the CP Court Foreclosure while responding to Creditor's Motion to Reassess Damages on its Judgment.  The Motion to Reassess sought to fix the amount of Creditor's Judgment, requesting post-judgment charges for advancement of taxes, legal fees, and the like, as well as post-judgment interest.  Debtor's New Matter asserted that the Judgment should be reduced by amounts purportedly paid to Creditor.  The CP Court entered the Damages Reassessment Order that neither credited Debtor with the alleged payments nor awarded Creditor the additional charges sought, but for post-judgment interest. There was no appeal or reconsideration of the Damages Assessment Order.

The Bankr. Court did not commit a clear error of law when applying the doctrine of *res judicata* to the Debtor's Claim Objection where all factors were met: (1) the things sued on are the uncredited payments; (2) the causes of action are identical, being for the same uncredited payments, based upon the same theory of recovery, facts, and evidence, as well as demanding the same relief; (3) are between the same parties; (4) in the identical debtor-creditor relationship. The matter was actually litigated where Debtor had the opportunity to present its argument and evidence to the CP Court for determination, including allegations of fraud.

Judge Coleman did not abuse her discretion when denying the Motion for Reconsideration.  Reconsideration was improper where there was no intervening change in the controlling law; (2) no new evidence available that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest

injustice.  Where Debtor argues fraud, the Bankr. Court, in its sound discretion, did not equate the alleged claims for fraud by Debtor with the extrinsic fraud found to bar the applicability of *res judicata* in very limited circumstances and reasoned that such claims were presumably considered by the CP Court.

**ARGUMENT**

**I.    THE BANKRUPTCY COURT WAS CORRECT IN ITS ORDER DATED
OCTOBER 18, 2022, OVERRULING THE DEBTOR'S CLAIM OBJECTION
TO CREDITORS PROOF OF CLAIM BY DETERMINING THAT THE
ELEMENTS OF *RES JUDICATA* WERE MET**

This Court has plenary review of the Claim Objection Order.  In re Abbotts Dairies, 788

F.2d 143, 147 (3d Cir. 1986).  The Bankr. Court did not commit a clear error of law when

applying the doctrine of *res judicata* to the Debtor's Claim Objection.  Properly applying

Pennsylvania law, the invocation of *res judicata* requires that the two actions  share an identity of

the: (1) thing sued upon or for; (2) cause of action; (3) persons and parties to the action; and (4)

capacity of the parties to sue or be sued."   O'Leary v. Liberty Mut. Ins. Co.,  923 F.2d 1062,

1065 (3d Cir. 1991).

Creditor's Claim arose out of the Judgment entered in the State Court Foreclosure and was

premised on the Damages Reassessment Order.  Debtor's Claim Objection asserted that

Creditor's Claim should be reduced by alleged post-judgment payments made to Creditor prior to

the entry of the Damages Reassessment Order.

First, Debtor sought to relitigate the alleged uncredited post-judgment payments made

prior to the Damages Reassessment Order.  These claims were initially raised in the Answer with

New Matter.  See Bankr. Docket No. 29, at Exhibit A ¶¶17 and 18.  The thing sued upon, being

the payments and amount of the Judgment, were the same as raised in the Claim Objection;

satisfying the first prong.

To determine whether the second prong, whether the causes of action are identical for

purposes of res judicata, there are four criteria, including, whether (1) the acts complained of and

the demand for relief are the same; (2) the theory of recovery is the same; (3) the witnesses and

documents necessary at trial are the same; and (4) the material facts alleged are the same.

O'Leary, at 1065 (3d Cir. 1991). All of these criteria were met. The acts complained of and the demand for relief are the same, being the alleged uncredited post-judgment payments and the reduction of Creditor's damages. In the Foreclosure, Debtor challenged the amount of Creditor's damages, in part[13], under the theory of payment. The theory of recovery is identical in the Present Bankr. as Debtor alleged that payments must be credited in order to "fix" Creditor's Claim. See Bankr. Docket No. 18, at ¶¶2, 3, and 4. Additionally, the witnesses and documents necessary are the same: the Debtor and Creditor, and any evidence of payment. Lastly, the material facts are the same: in each instance, the payments alleged to be uncredited and unaccounted for in the Damages Reassessment Order are the same. Compare Bankr. Docket No. 29, at Exhibit A ¶18 with Bankr. Docket No. 18, at ¶2[14]. Therefore, the essence of the claims asserted by Debtor in the Foreclosure are similar, if not identical, to the claims brought in the Present Bankr.

The third and fourth requirements are conspicuously met, with the persons and parties to the Foreclosure and Present Bankr. and their quality or capacity as Debtor and Creditor being identical in each action.

In addition, the Bankruptcy Court correctly determined that Debtor's Claim Objection was actually litigated (or could have been litigated) in the Foreclosure. Under Pennsylvania law, which adopts the requirements of the Restatement (Second) of Judgments, a prior determination of a legal issue is conclusive in a subsequent action between the parties on the same or different claim when: (1) the issue was actually litigated; (2) the issue was determined by a valid and final

---

[13] Notably, Debtor's Answer with New Matter challenged Creditor's assessment of certain other damages under other applicable legal theories, and such other damages sought by Creditor, in the amount of $16,169.55 were not awarded to the Creditor by the state court.
[14] The discrepancy of $100.00 is de minimis and is likely the result of scrivener error.

judgment; and (3) the determination was essential to the judgment. O'Leary, 923 F.2d at 1067.

Each of these requirements is met.

"An issue is actually litigated when it is properly raised by the pleadings or otherwise,

and is submitted for determination, and it is determined." Abdulhay v. Bethlehem Medical Arts,

L.P., 425 F.Supp.2d 646, 656 (E.D. Pa. 2006), quoting, O'Leary, at 1066.  It applies not only to

claims actually litigated, but also to claims which could have been litigated during the first

proceeding if they were part of the same cause of action.   Moncrief v. Chase Manhattan Mortg.

Corp., 275 Fed. Appx. 149, 153 (3d Cir. 2008), quoting Balent v. City of Wilkes-Barre, 669 A.2d

309, 313 (1995).  It is undoubtable that the issue of the alleged uncredited payments raised by

Debtor in his Answer with New Matter are identical to those alleged uncredited payments raised

in the Debtor's Claim Objection.  In each instance, the theory of payment and allegations of

uncredited and unaccounted for payments in the Damages Reassessment Order are the same.

There can also be no dispute that the factual issues of uncredited payments were submitted for

determination, and actually determined, by the state court.

Despite Debtor's counsel's insistence that the lack of a state court evidentiary hearing on

Creditor's Motion to Reassess Damages means the issue of payment was not actually litigated,

the Bankruptcy Court correctly notes:

> Whether the Pennsylvania Court considered and rejected the Post-Judgment
> Payments, or alternatively did not consider them at all because the Debtor failed
> to properly follow Pennsylvania procedure in asserting them, does not change the
> fact that they arose from the same claim and cause of action as the Claimant's and
> could have been litigated in connection therewith.

Bankr. Docket No. 100.   Furthermore, the state court has the authority to dispose of issues

without an evidentiary hearing despite Debtor's assertion otherwise under Pa.R.C.P. 208.4(a)(1).

Notably, Debtor did not avail himself of any available recourse of the Damages Reassessment

14

Order in the form of reconsideration or appeal.  Therefore the Damages Reassessment Order became a final and conclusive order, with the amount of damages then due precluding retroactive assessment upon allegations of the same uncredited payments.  This determination is essential to the Judgment held by Creditor and all actions taken by Creditor thereafter in determining its rights to the collateral and collection of its lawful Judgment.

There is an overwhelming basis to support the Bankruptcy Court's finding that *res judicata* applies to overrule Debtor's Objection to Claim.  Debtor has not proven that there has been a clear error of law.  The Claim Objection Order must be affirmed.

**II.    THE BANKRUPTCY COURT WAS CORRECT IN ITS ORDER DATED NOVEMBER 22, 2022, DENYING DEBTOR'S MOTION FOR RECONSIDERATION OF THE BANKRUPTCY COURT'S ORDER DATED OCTOBER 18, 2022, FINDING NO BASIS FOR DEBTOR'S ASSERTION OF FRAUD**

The standard of review of a bankruptcy judge's denial of a motion for reconsideration is whether the bankruptcy judge abused their discretion. Marta Group, Inc. v. County Appliance Co., Inc., 79 B.R. 201, 205 (E.D. Pa. 1987), *citing* In Re W.F. Hurley, Inc., 612 F.2d 392 (8th Cir.1980). Under the bankruptcy rules the reconsideration of an order allowing or disallowing a claim against the estate is discretionary with the bankruptcy court. Id.

A motion for reconsideration is made applicable to bankruptcy cases by Bankruptcy Rule 9023. In re Deitch, 513 B.R. 878, 879 (Bankr. E.D. Pa. 2014).  The Third Circuit stated in Venen v. Sweet, 758 F.2d 117, 122 (3d Cir.1985), "the court regards a motion labeled only as a motion for reconsideration as the functional equivalent of a Rule 59 motion . . . to alter or amend a judgment." (citations omitted) (referencing Federal Rule of Civil Procedure 59(e))  Such a motion should be granted only where the moving party shows that at least one of the following grounds is present: "(1) an intervening change in the controlling law; (2) the availability of new

evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." In re Energy Future Holdings Corp., 904 F.3d 298 (3rd Cir. 2018), *quoting* Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Debtor's Motion for Reconsideration did not assert that there had been an intervening change in the controlling law or the availability of new evidence since the Claim Objection Order.  Rather, Debtor moved under the theory that *res judicata* should not be applied due to alleged fraud on the part of Creditor. See Bakr. Docket No. 111, at ¶¶11, 15, 16, and 17.  The Bankr. Court's distinction between the Present Bankr. and the facts/rationale in Long v. Shorebank Dev. Corp., 182 F.3d 548 (7th Cir. 1999), is particularly applicable.  The Tenant in Shorebank was fraudulently misled not to participate in the underlying action that resulted in judgment; wherefore never being afforded the opportunity to defend or actually litigate.  Here, Debtor actually participated in the entire Foreclosure, executed a consent Judgment, defended against the Motion to Reassess with these same facts and allegations of fraud made and/or available; which resulted in the entry of the Damages Reassessment Order that was not appealed or otherwise challenged.  This Judgment, as reassessed, was not fraudulent.

Now, Debtor has raised, for the first time, in his Appellant Brief the idea that Pennsylvania Rule of Civil Procedure 1037 (or Philadelphia County Rule *1037.2(B) supports the assertion that the State Court "believed that its only duty was to determine the gross amount that the Bravos were obliged to pay to [Creditor], **without giving any credit for payments made**."  Appellant's Brief at Page 12-13, emphasis added. However, Pa.R.C.P. 1037 (and Philadelphia County Rule *1037.2(B) are applicable to assessments of damages upon praecipe relating to judgments by default or non pros; again applying a circumstance in which a party has

no opportunity to defend.  In this situation, Creditor's Motion to Reassess Damages was decided by the CP Court following the submission of Debtor's Answer and New Matter, proffering the same uncredited payment arguments as were offered to the Bankr. Ct when deciding the Claim Objection Order as are offered now.  Debtor, once again, assumes the Court forgot to consider all of this when rendering its decisions.  See Appellant's Brief at Page 13.

Debtor consistently alleged that the state court "did not consider it appropriate to deduct any of the payments made by the Debtor to the [Creditor]…" Bankr. Docket No. 18 at ¶2. Debtor then "submits that the only logical conclusion … is that the [state court] … [left] the crediting of payments to the presumed good faith of the creditor …, or, …, requiring another determination of that amount in another [state court] action or decision by another court, such as this [Bankr.] court".  Bankr. Docket No. 64 at page 4.  It is illogical to assume that the Debtor's claims would be determined among the parties, that an assessment of Creditor's Damages in the Foreclosure post-judgment would be determined in another action or by another court, and that without an opinion, the State Court must have missed something.  The fact that the answer might be that the CP Court offset the claims, as Creditor was not awarded the full value sought in the Motion to Reassess.  Nevertheless, Debtor's recourse to the failure of the Damages Reassessment Order to account as he wished would have been to seek reconsideration or appeal the State Court, neither of which occurred.

The Bankruptcy Court did not abuse its discretion when denying the Motion for Reconsideration.  There has been no intervening change in the controlling law; (2) no new evidence available that was not available when the Bankr. Court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Where Debtor argues fraud, the Bankr. Court, in its sound discretion, did not equate the alleged claims for fraud

17

by Debtor with the extrinsic fraud found to bar the applicability of *res judicata* in very limited

circumstances and reasoned that such claims were presumably considered by the CP Court.

Therefore, the Reconsideration Order must be affirmed.

## CONCLUSION

For all of the foregoing reasons set forth herein, E-Z Cashing, LLC, respectfully requests that the Claim Objection Order and Reconsideration Order be AFFIRMED.


DATE:  **3/15/23**                     BY:  */s/ Justin L. Krik*
                                                   **JUSTIN L. KRIK, ESQUIRE**
                                                   **ATTORNEY ID #203006**
                                                   **KRIK LAW**
                                                   **1500 JFK Blvd., Suite 630**
                                                   **Philadelphia, PA 19102**
                                                   **(267) 831-3180**

## CERTIFICATION OF SERVICE

I hereby certify that I served a copy of the Brief of Appellee in this matter upon counsel for the Appellant, David A. Scholl, 512 Hoffman Street, Philadelphia, Pa 19148; Kenneth West, Esq., Standing Chapter 13 Trustee, 1234 Market Street, Suite 300, Philadelphia, PA 19107, by first-class postage pre-paid on March 15, 2023.

DATE:  __3/15/23_____          BY: _/s/ Justin L. Krik_____
                                                                **JUSTIN L. KRIK, ESQUIRE**
                                                               **ATTORNEY ID #203006**
                                                               **KRIK LAW**
                                                               **1500 JFK Blvd., Suite 630**
                                                               **Philadelphia, PA 19102**
                                                               **(267) 831-3180**